# ANNEX 1

Cassandra Sepanik Shoemaker
**MCGUIREWOODS LLP**
2601 Olive St., Suite 2100
Dallas, TX 75201
Telephone: (214) 932-6400
Facsimile: (214) 932-6499
Email: cshoemaker@mcguirewoods.com

K. Elizabeth Sieg (*pro hac vice forthcoming*)
Heidi E. Siegmund (*pro hac vice forthcoming*)
Connor W. Symons (*pro hac vice forthcoming*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Email: bsieg@mcguirewoods.com
        hsiegmund@mcguirewoods.com
        csymons@mcguirewoods.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **In re:** | Case No. 23-31868-sgc |
| **DBI SERVICES, LLC,** | Chapter 7 |
| **Debtor.** | |
| **LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,** | |
| **Plaintiff,** | |
| **v.** | Adv. Proc. No. _____ |
| **DEANGELO CONTRACTING SERVICES, LLC, AS SUCCESSOR TO DBI SERVICES, LLC AND DEANGELO BROTHERS, LLC, DEANGELO BROTHERS, LLC, DBI SERVICES, LLC, PNC BANK, N.A., AND THE DEANGELO BROTHERS, LLC GROUP BENEFIT PLAN,** | |
| **Defendants.** | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. §§ 157, 1334 and 1452,

Federal Rule of Bankruptcy Procedure 9027, and Local Bankruptcy Rule 9027-1(a), Defendant

-1-

PNC Bank, N.A. ("**PNC**") hereby removes this action, Case No. 3:25-cv-00861-KM (the "**Removed Action**"), currently pending in the United States District Court for the Middle District of Pennsylvania (the "**Pennsylvania Court**"), to the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**").  The grounds for removal are as follows:

1.     On August 30, 2023, an involuntary petition (the "**Petition**") under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") was filed against defendant DBi Services, LLC, commencing bankruptcy case 23-31868-sgj7 (the "**Bankruptcy Case**").  The Bankruptcy Court sustained the Petition and entered the *Order for Relief in an Involuntary Case* [Bankr. ECF No. 64] on December 21, 2023.  The Bankruptcy Case remains pending before the Bankruptcy Court.

2.     On December 22, 2023, Areya Holder (the "**Trustee**") was appointed Chapter 7 Trustee in the Bankruptcy Case.

3.     On June 7, 2024, the Bankruptcy Court entered the *Order Granting Motion for Approval of Stipulation Concerning the Transfer of Certain Funds Held by PNC Bank, National Association, to the Trustee* [Bankr. ECF No. 205] (the "**Transfer Order**").  The Transfer Order required PNC to transfer by wire of certain funds (the "**Funds**") over which PNC, the Trustee, and potentially others disputed ownership, to the Trustee.  *See* Transfer Order at 2 (requiring PNC to "transfer by wire the Funds to the Trustee's Designated Account" and that "such Funds will be handled by the Trustee as provided in accordance with the Stipulation.").  The Funds represented commingled proceeds of collateral realized by PNC from (a) collection of accounts receivable of the Debtor and non-debtors, and (b) two UCC Article 9 sales of assets of the Debtor and non-Debtors.  Upon information and belief, the Funds remain in possession of the Trustee and have not been abandoned by the Trustee.  The Bankruptcy Court therefore has exclusive *in rem* jurisdiction

over the Funds, and such funds are held *in custodia legis* by the Bankruptcy Court. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 448 (2004) ("A bankruptcy court's *in rem* jurisdiction permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question." (cleaned up)); *McKinney v. 2nd Chance Auto Sales, Inc.*, 611 B.R. 894, 904 (Bankr. M.D. Ala. 2020) ("While the Trustee enjoys protection from unauthorized lawsuits under the Barton doctrine, the property in her charge is protected under the doctrine of *in custodia legis* while it remains in her charge. Put simply, '[f]rom the moment that a debtor's petition is filed in the bankruptcy court, the debtor's property is *in custodia legis*.'" (quoting *Thinking Machines Corp. v. Mellon Fin. Serv. Corp.*, 67 F.3d 1021, 1025 (1st Cir. 1995)).

4. On July 17, 2024, PNC filed its *Complaint for Declaratory Judgment and in the Nature of Interpleader* [AP ECF No. 1] ("**Interpleader Complaint**"), commencing Adversary Proceeding No. 24-03048-sgj (the "**Adversary Proceeding**"). The Complaint sought to determine ownership of the Funds. *See* Interpleader Complaint ¶ 17 ("PNC brings this Complaint for declaratory judgment and in the nature of Interpleader because there are competing colorable claims from various parties, including PNC, to funds previously held by PNC (and presently in the possession of the Trustee with full reservation of rights), representing commingled proceeds of collateral realized by PNC from (a) collection of accounts receivable of the Debtor and non-Debtors, and (b) two UCC Article 9 sales of assets of the Debtor and non-Debtors[.]"). PNC pleaded in the Interpleader Complaint that the Bankruptcy Court has jurisdiction over the Adversary Proceeding and interpleader of the Funds:

> Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 157(b)(2)(k) because this matter constitutes a core proceeding as it concerns the administration of DBi Services LLC's estate, specifically the determination of the validity, extent, and priority of liens. Jurisdiction is also proper pursuant to 28 U.S.C. §§ 1334(c)(2) and 1335(a) because this action arises in or related to a bankruptcy case under U.S. Code Title 11, specifically the involuntary Chapter 7 bankruptcy petition filed

against the Debtor in this Court, and because at least two Defendants have claimed to be entitled to more than $500, which is the subject of this action. Further, subject-matter jurisdiction is also proper pursuant to Fed. R. Civ. P. 22 because the amount in controversy is more than $75,000.

Interpleader Complaint ¶ 15.

5.      PNC likewise pleaded:

Venue in this jurisdiction is proper pursuant to 28 U.S.C. §§ 1397, 1408 and 1409 because at least one Defendant resides in Dallas County, Texas, which is located in this Court's judicial district and because this is the venue of the underlying bankruptcy case.

Interpleader Complaint ¶ 16.

6.      The Adversary Proceeding remains pending, and the Bankruptcy Court therefore has jurisdiction over the issue of ownership of the Funds. *See Hood*, 541 U.S. at 448.

7.      On May 15, 2025, Lori Chavez-Deremer, Secretary of Labor, U.S. Department of Labor ("**Plaintiff**") filed her *Complaint* [Removed Action ECF No. 1] (the "**ERISA Complaint**") commencing the Removed Action against the Debtor, PNC, and other defendants seeking a judgment for unpaid claims for benefits under the Debtor's ERISA health insurance plan.  The ERISA Complaint named Debtor as a defendant and acknowledged the pendency of the Bankruptcy Case and that the Bankruptcy Code may limit relief available to Plaintiff.  *See* ERISA Complaint ¶ 6 & n. 1 (acknowledging Debtor "is currently subject to an involuntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Case No. 23-bk-31868" and that the Bankruptcy Code "may limit any relief awarded against [Debtor] outside of bankruptcy").  It alleges,[1] *inter alia*, that "PNC exerted authority and control over [the Debtor's health insurance] Plan assets—employee payroll contributions to the

---

[1]   PNC does not, by this Notice of Removal, answer or in any way comment upon the truth of any allegations in the ERISA Complaint, nor waive any right to seek dismissal thereof on any grounds.

Plan and COBRA contributions—when it unliterally withdrew funds from the Company's bank accounts and maintained dominion over those accounts thereafter, including to continue sweeping funds from those accounts" and that PNC continues to retain possession of ERISA plan assets. ERISA Complaint ¶ 43.

8. Contrary to Plaintiff's assertion, PNC has already transferred the alleged payroll contributions and COBRA contributions to the Trustee pursuant to the Transfer Order.

9. Moreover, the Department of Labor has filed Proof of Claim 8-1 which asserts a claim of $4,304,340.87 which allegedly "represents the amount of unpaid participant medical claims, which were covered under the terms of the Welfare Plan and should have been paid by the Debtor." Plaintiff is seeking to recover these same amounts from the Debtor, PNC and other defendants in the Removed Action. ERISA Complaint ¶ 37 & Prayer for Relief. The allegations and claims in the ERISA Complaint therefore relate to, or are entirely duplicative of, matters currently before the Bankruptcy Court including (1) ownership of the Funds held by the Trustee, (2) the Interpleader Complaint, and (3) allowance or disallowance of Proof of Claim 8-1. The Removed Action is therefore a civil action that may be removed to the Bankruptcy Court pursuant to 28 U.S.C. § 1452 because 28 U.S.C. § 1334 vests the Bankruptcy Court with jurisdiction over the claims asserted therein, as well as jurisdiction and custody over property placed at issue therein.

10. This Notice of Removal is timely because it has been filed within the time permitted by Federal Rule of Bankruptcy Procedure 9027(a)(3).

11. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1)(B), PNC consents to entry of final orders or judgment by the Bankruptcy Court.

12.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1)(C) and Local Bankruptcy Rule 9027-1(c), all papers filed on the docket of the Removed Action are attached hereto as Exhibit A.

WHEREFORE, having fulfilled the statutory requirements for removal, PNC respectfully removes this action from the United States District Court for the Western District of Pennsylvania to the United States Bankruptcy Court for the Northern District of Texas.

Dated:  June 16, 2025
        Dallas, Texas

Respectfully submitted,

*/s/ Cassandra Sepanik Shoemaker*

Cassandra Sepanik Shoemaker
**MCGUIREWOODS LLP**
2601 Olive St., Suite 2100
Dallas, TX 75201
Telephone: (214) 932-6400
Facsimile: (214) 932-6499
Email: cshoemaker@mcguirewoods.com

K. Elizabeth Sieg (*pro hac vice forthcoming*)
Heidi E. Siegmund (*pro hac vice forthcoming*)
Connor W. Symons (*pro hac vice forthcoming*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Email: bsieg@mcguirewoods.com
        hsiegmund@mcguirewoods.com
        csymons@mcguirewoods.com

*Counsel to PNC Bank, N.A.*