**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br><br> DEANGELO CONTRACTING SERVICES, LLC, *et al.*, <br><br><br> Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 3:25-CV-861 <br> ) <br> ) (MEHALCHICK, J.) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**BRIEF IN SUPPORT OF MOTION TO STRIKE**
**DEFENDANT PNC BANK, N.A.'S NOTICE OF REMOVAL**

Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor (the "Secretary") respectfully moves to strike Defendant PNC Bank, N.A.'s Notice of Removal. *See* Dkt. 9. The Notice is facially invalid according to the plain terms of 28 U.S.C. § 1452(a)—the provision upon which PNC Bank premises removal—because the Secretary brings this action under her police and regulatory power to secure compliance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Notice makes no effort to address Section 1452(a)'s clear inapplicability to this action. As such, it is void ab initio and this Court retains jurisdiction. The Secretary respectfully requests that the Court strike the Notice.

## A.    Factual Background and Procedural History

The Secretary commenced this action on May 15, 2025. Dkt. 1. The Complaint brings causes of action under ERISA and alleges numerous violations with respect to the DeAngelo Brothers, LLC Group Benefit Plan (the "Plan") and seeks equitable relief and other relief to enforce ERISA's fiduciary provisions (29 U.S.C. § 1109) and other provisions through the Secretary's independent litigating authority under 29 U.S.C. § 1132(a)(2) and (a)(5). Dkt. 1. The Secretary named four principal Defendants as liable parties: (1) DeAngelo Contracting Services, LLC; (2) DeAngelo Brothers, LLC; (3) DBi Services, LLC, and; (4) PNC Bank, N.A. Dkt. 1, ¶¶ 5–10.[1] DeAngelo Brothers, LLC and DBi Services, LLC operated as a single entity with respect to the Plan and acted as the Plan's Administrator. *Id.*, ¶¶ 12–13. DeAngelo Contracting Services, LLC is the successor to both of those entities—and is thus liable for their ERISA violations—through its purchase and continuation of assets and operations. *Id.*, ¶¶ 10, 30–36, 47–49. PNC Bank served as a secured lender and, through its unilateral seizure of Plan assets and other conduct, is liable for ERISA fiduciary violations. *Id.*, ¶¶ 22–30, 33–38, 43–46.

The Complaint notes that one Defendant—DBi Services, LLC—is currently subject to an involuntary Chapter 7 petition in the United States Bankruptcy Court

---

[1] The Secretary named the Plan as a Defendant under Federal Rule of Civil Procedure 19(a) solely to ensure that complete relief can be granted. Dkt. 1, ¶ 8.

2

for the Northern District of Texas, Case No. 23-bk-31868. Dkt. 1, ¶ 6. It also states

that the Secretary is permitted to maintain this action against DBi Services, LLC

despite the Bankruptcy Code's automatic stay (11 U.S.C. § 362(a)) because she is

acting as a governmental entity to enforce her police and regulatory powers. *Id*. at

n.1 (citing 11 U.S.C. § 362(b)(4)). The Complaint acknowledges that the ongoing

Chapter 7 proceedings "may limit any relief awarded against [DBi Services, LLC]

outside of bankruptcy." *Id*.

On June 16, 2025, PNC filed a Notice of Removal under, *inter alia*, 28

U.S.C. § 1452. Dkt. 9. The Notice purports to remove the action to the Bankruptcy

Court for the Northern District of Texas, which is overseeing the Chapter 7

proceedings. *Id*. As support, PNC attached a separate notice filed with the

Bankruptcy Court, which provides additional detail to justify removal. Dkt. 9-1.

This separate notice purports to describe the nature of the Secretary's action and

avers that removal under Section 1452 is warranted because the "allegations and

claims in the ERISA Complaint . . .  relate to, or are entirely duplicative of, matters

currently before the Bankruptcy Court . . . ." *Id*., ¶ 9. Neither the Notice filed in

this Court nor the separate notice addresses the text of Section 1452, including its

bar on removal of any "civil action by a governmental unit to enforce such

governmental unit's police or regulatory power . . . ." 28 U.S.C. § 1452(a).

**B.    Question Presented**

**Whether the Court should strike the Notice of Removal filed by Defendant PNC Bank, N.A., as void ab initio under 28 U.S.C. § 1452(a)?**

**Suggested answer:** *In the affirmative.*

**C.    Argument**

      1.  Section 1452(a)'s Text Exempts the Secretary's Action from Removal

28 U.S.C. § 1452 governs removal of civil actions to a pending bankruptcy proceeding. Subsection (a) states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The Secretary is a "governmental unit" for purposes of the Bankruptcy Code. *See* 11 U.S.C. § 101(27); *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 388 (3d Cir. 1987); *Stewart v. Holland Acquisitions, Inc.*, No. 2:15-cv-01094, 2021 WL 1037617, at *2 (W.D. Pa. Mar. 18, 2021). Under the Code, suits by governmental units brought under their "police" and "regulatory" powers are afforded special treatment in that they are exempt from automatic stay (11 U.S.C. § 362(b)(4)) and not subject to removal under Section 1452(a).[2] Where, as here, the Secretary has

---

[2] "The language of the police and regulatory power exceptions in the automatic stay context and in the removal context is virtually identical, and the purpose behind each exception is the same. 'Section 1452 and 11 U.S.C. § 362(b)(4) were

sued to enforce a statute within her enforcement mandate, that action "fall[s] within the regulatory and police powers exception." *Solis v. Makozy*, No. 09-cv-1265, 2012 WL 1458232, at *1 (W.D. Pa. Apr. 27, 2012); *U.S. v. Nicolet, Inc.*, 857 F.2d 202, 208 (3d Cir. 1988) ("'[W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.'") (quoting legislative history). Third Circuit courts and other federal courts have confirmed that "a case brought by the federal government to redress ERISA violations is an action to enforce the government's police or regulatory powers and thus excepted from the application of the automatic stay." *Solis v. Koresko*, No. 09-cv-988, 2013 WL 4594847, at *2 (E.D. Pa. Aug. 29, 2013) (citing sources); *see also Dole v. Hansbrough*, 113 B.R. 96, 97 (D.D.C. 1990) (discussing courts who "uniformly held that an enforcement action by the Secretary of Labor under ERISA constitutes the exercise of 'police or regulatory power' within the meaning of § 362(b)(4)," and finding that "the rationale of those decisions is sound"); *Solis v. Caro*, No. 11-cv-6884, 2012 WL 1230824, at *4 (N.D. Ill. Apr. 12, 2012)

---

designed specifically to work in tandem. Therefore, interpretation of these two provisions should be consonant.'" *City and County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1123 (9th Cir. 2006) (quoting *Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.)*, 273 B.R. 374, 385 (Bankr. E.D. Pa. 2002)).

("Courts have consistently held that actions by the Secretary of Labor to enforce ERISA's provisions constitute an exercise of the 'police and regulatory power' contemplated in the Government Proceeding Exception.") (citing sources).

PNC's attempted removal does not address—or even cite—Section 1452(a)'s clear bar on removal of actions, like this one, which are expressly brought under the police and regulatory power. Dkt. 1 at n.1. That error is fatal, as the statutory language is dispositive. *See In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 314 (3d Cir. 2010) ("Generally, where the text of a statute is unambiguous, the statute should be enforced as written . . . .").

Even if PNC attempted to argue its position, it would still fail, given well-established authority within and without this Circuit. Notices of removal that are facially outside the scope of Section 1452(a)—like PNC's Notice here—are void ab initio and are properly "deemed to be without effect." *Doyle v. Mellon Bank, N.A.*, 307 B.R. 462, 465 (E.D. Pa. 2004) (granting motion to strike notice); *In re Bobroff*, 766 F.2d 797, 801–02 (3d Cir. 1985) (noting that attempted removal under predecessor to 28 U.S.C. § 1452 never came into force because removal under Subsection (a) "was flatly impermissible" and thus "ab initio as a matter of law") (citation omitted); *In re Cornell & Co., Inc.*, 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997) ("[T]he instant attempted removal under 28 U.S.C. § 1452(a) is simply void; it must be undone; and the matter must be summarily returned . . . .").

Because PNC's Notice was never effective, the Bankruptcy Court never acquired jurisdiction, and this Court can properly strike the Notice. *See Doyle*, 307 B.R. at 465; *In re National Developers, Inc.*, 803 F.2d 616, 620 (11th Cir. 1986) (holding that improper removal to bankruptcy court resulted in "no jurisdiction"); *You Fit, Inc. v. Pleasanton Fitness, LLC*, No. 8:12-cv-1917, 2012 WL 12905650, at *2 (M.D. Fl. Oct. 19, 2012) ("Defendants argue that the propriety of removal should be determined by the court to which the action was removed. . . .  However, as discussed, the statute relied on by Defendants does not authorize removal from a district court to a bankruptcy court in another district. Accordingly, Defendants' purported notice of removal is a nullity, and the United States Bankruptcy Court for the Eastern District of California would have ***no jurisdiction*** to consider the matter.") (citations omitted) (emphasis added); *In re Halvorson*, No. 8:18-cv-00525, 2018 WL 6728484, at *9 (C.D. Cal. Dec. 21, 2018) (same).[3] This is

---

[3] *See also, e.g.*, *Roberts Plan Corp. v. American Intern. Group Inc.*, No. 09-cv-200, 2009 WL 2448509, at *4 (D.N.J. Aug. 10, 2009) ("Although Fed. R. Bankr. P. 9027 sets forth the procedure for removal under bankruptcy law, it does not itself grant a district court the jurisdiction to hear a case."); *In re Sharif*, 407 B.R. 316, 321 (Bankr. N.D. Ill. 2009) ("The parties who 'removed' the adjudicated federal district court case and the Texas state court garnishment case proceeded without a legal basis to invoke the jurisdiction of the bankruptcy court to hear the matters 'removed.'"); *Harve Benard Ltd. v. Nathan Rothschild, K.I.D. Intern., Inc.*, No. 02-cv-4033, 2003 WL 367859, at *4 (S.D.N.Y. Feb. 19, 2003) ("Should the 'removal' have been granted, the plaintiff also moves to remand the action to this Court pursuant to 28 U.S.C. § 1452(b). Because the case ***never left*** the Court, the motion to remand is denied as moot.") (emphasis added).

consistent with the general principle that improper removals cannot create jurisdiction. *Scott v. New York Administration v. Children's Servs.*, 678 F. App'x 56, 57 (3d Cir. 2017) ("Because it never had subject matter jurisdiction over the removed proceedings, the District Court was obligated to remand, sua sponte, on that basis.") (citation omitted).

    2.  <u>There is No Basis to Litigate this Action in the Chapter 7 Bankruptcy</u>

Because PNC's Notice does not articulate any basis to overcome Section 1452(a)'s clear text, the Court need not proceed any further. However, even if the Court wanted to set aside PNC's failure of argument—it should not—there is no adequate justification to limit the Secretary's exercise of her independent authority to enforce ERISA.

First, contrary to PNC's misstatements, the Secretary's action and the Bankruptcy proceeding are fundamentally distinct. The Complaint does not arise exclusively from, and is not contingent on, recovering funds in the Trustee's possession (which PNC is presently litigating to claw back). Instead, that is only one potential source of recovery that the Secretary has already acknowledged must proceed under the Bankruptcy Code. *See* Dkt. 1 n.1 (stating that the ongoing Chapter 7 proceedings "may limit any relief awarded against [DBi Services, LLC] outside of bankruptcy").

The Secretary has pled distinct, independent theories of ERISA liability against the non-bankrupt Defendants, which do not inherently arise out of the contested issues within the Chapter 7 action. DeAngelo Contracting Services, LLC is liable because of its separate conduct to purchase and substantially continue the assets and operations of the entities that acted as Plan Administrator—which occurred prior to the commencement of the Chapter 7 action, and which concerns a non-bankrupt defendant (DeAngelo Brothers, LLC) as well. Dkt. 1, ¶¶ 10, 30–36, 47–49. PNC, in turn, is liable for ERISA fiduciary violations because of its pre-bankruptcy conduct, *viz.*, its decision to unilaterally convert Plan assets[4] and use them for its own ends. *Id.*, ¶¶ 22–30, 33–38, 43–46. At bottom, regardless of what happens with the Chapter 7 estate, the Secretary has independent authority to fix Defendants' liability through this action and pursue enforcement of any judgment against the non-bankrupt Defendants free and clear of the Chapter 7 proceedings.

Even if the Court determines that there is some overlap between this action and the Chapter 7 proceedings, it would not change the outcome. Courts have emphasized the importance of the Bankruptcy Code's parallel protections for a

---

[4] As recently as May 5, 2025, PNC confirmed in writing that it continues to possess Plan assets and that it "would be willing to issue refunds" under appropriate circumstances. This contradicts PNC's representation that it "already transferred the alleged payroll contributions and COBRA contributions to the Trustee . . . ." Dkt. 9-1, ¶ 8. In any event, PNC's ongoing, wrongful retention of Plan assets marks the beginning, not the end, of its ERISA liability. *See* Dkt. 1, ¶¶ 43–46.

civil actions asserting the police or regulatory power, *i.e.*, to protect against interference with those actions. *See, e.g.*, *Pennsylvania by Shapiro v. Think Finance, LLC*, No. 14-cv-7139, 2018 WL 1620981, at *3 (E.D. Pa. Apr. 4, 2018) ("Simply put, Congress has favored the interest of permitting [government units'] regulatory and police actions to independently proceed over the interest in centering the administration of the defendant's related bankruptcy proceedings[,] or the interest in facilitating the most efficient adjudication for the defendant[.]") (citing 11 U.S.C. § 362(b)(4); 28 U.S.C. § 1452).

Second, the Secretary is ***not*** attempting to circumvent the Bankruptcy Code. To the contrary, the Complaint is explicit that she is seeking to prove liability to justify entry of appropriate ***equitable*** relief, not a monetary judgment, and acknowledges that any relief that ultimately requires DBi Services, LLC to remit money (*e.g.*, restitution, surcharge) is subject to the Code's limitations. Dkt. 1 at n.1, pp. 19–20. This is the appropriate procedure to vindicate the Secretary's police and regulatory power under the circumstances. As the court in *Caro* explained:

> [T]he Secretary's action is not attempting to satisfy a debt outside of the bankruptcy process. The Secretary's request for injunctive relief and a determination of restitution amounts that Caro owes as a result of alleged violations of ERISA is consistent with the Government Proceeding Exception, pursuant to which the government may obtain injunctive relief and a determination of the amount of damages the debtor owes, but may not enforce a damage award. Instead, the award is a claim in bankruptcy that must be adjudicated through the bankruptcy process. The Secretary acknowledges as much when she

states that she 'will seek actual monetary recovery from Caro only in accordance with the bankruptcy process.'

2012 WL 1230824, at *5 (citations and quotations omitted).

Third, and finally, it is of no moment that the Secretary's sought equitable relief may obligate Defendants to remit money. The Complaint unequivocally invokes the Secretary's equitable authority to see ERISA enforced. Dkt. 1 at pp. 15–20 (citing 29 U.S.C. §§ 1132(a)(2), (a)(5)). The forms of relief sought— "equitable remedies, including surcharge" to redress the losses caused by Defendants' fiduciary misconduct, appointment of an independent fiduciary, and additional injunctive relief to enforce ERISA—are classic forms of equitable relief in the Secretary's enforcement actions. *See, e.g.*, *Walsh v. Great Atlantic Graphics, Inc.*, No. 21-cv-3280, 2022 WL 4331205, at *4 (E.D. Pa. Sept. 19, 2022) ("[T]he Secretary has shown it is appropriate to impose an equitable surcharge in the amount of medical benefits that the Health Plan did not cover when its participants received medical services despite their mistaken belief that it would."). This is in accord with the Secretary's authority and mandate to enforce ERISA and other labor laws. *See, e.g.*, *Donovan v. Bryans*, 566 F. Supp. 1258, 1269 (E.D. Pa. 1983) (entering judgment for Secretary under 29 U.S.C. § 1132(a)(5) for violations of ERISA's fiduciary provisions (29 U.S.C. § 1109) and imposing equitable restitution); *Wirtz v. Riccio*, 264 F. Supp. 134, 136 (M.D. Pa. 1967) ("The Secretary is seeking to secure future compliance with the law, which is in the

11

public interest, and he is seeking by means of a negative order to compel the defendants to make reparations for alleged past violations of the law, which likewise is in the public interest. The relief sought is equitable and it is no less so because compliance with the decree which plaintiff seeks may require the defendants to pay out money.") (citation and quotations omitted). Federal courts, including in this Circuit, have confirmed that imposition of monetary obligations via equity constitutes an exercise of the Secretary's police and regulatory power. *See Koresko*, 2013 WL 4594847, at \*2 ("[T]he DOL is not seeking its own pecuniary interest in the debtors' property, but rather acting to further its public policy interest in enforcing the requirements of ERISA. The fact that the DOL's action may benefit private employees does not convert this suit into one pursuing the pecuniary interest of private parties.") (citation omitted); *Holland*, 2021 WL 1037617, at \*4 (holding that FLSA enforcement action was an assertion of the Secretary's "the police and regulatory power" notwithstanding that "one remedial outcome" was the "recovery of backpay and liquidated damages on behalf of individual workers"); *Eddleman v. United States Dep't of Labor*, 923 F.2d 782, 791 (10th Cir. 1991), *overruled in part on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003, 1005 n. 3 (10th Cir. 1992) (Secretary's pursuit of debarment and liquidation of back-pay claims for specific individuals was not stayed under Section 362(b)(4), including because "the

back-pay claimants would not receive any extra priority by virtue of the DOL action. Actual collection of the back-pay claims must proceed according to normal bankruptcy procedures").

\*      \*      \*

PNC's Notice attempts to remove an action that cannot be removed according to the clear terms of 28 U.S.C. § 1452(a). It is therefore null and void and should be stricken. Because the Notice is ineffective, and because there is no other basis for the Court to release jurisdiction, the Secretary respectfully requests that the Court grant her Motion, strike the Notice, and confirm that it retains jurisdiction over this matter.

Dated: June 18, 2025

Respectfully Submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

215-861-5136 (voice)
215-861-5162 (fax)

herrera.alejandro.a@dol.gov

**UNITED STATES DEPARTMENT OF LABOR**

Jonathan L. Snare
Acting Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

Usha Rengachary
Counsel for ERISA

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
PA 326897; NY 5235601

13

**JOHN C. GURGANUS**
**ACTING UNITED STATES**
**ATTORNEY**

*/s/ Ryann D. Loftus*
RYANN D. LOFTUS
Assistant U.S. Attorney
Atty. I.D. No. PA 319379
235 N. Washington Ave, Ste. 311
Scranton, PA 18503
Phone: (570) 348-2800
Fax: (570) 348-2830
E-Mail: Ryann.loftus@usdoj.gov