John J. Kane (SBN 24066794)
Kyle Woodard (SBN 24102661)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

*Special Counsel for Areya
Holder Aurzada, Chapter 7 Trustee*

Michelle E. Shriro (SBN 18310900)
**SINGER & LEVICK, P.C.**
16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com

*Counsel for Areya Holder Aurzada,
Chapter 7 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DBI SERVICES, LLC, | § | Case No. 23-31868-sgj7 |
| | § | |
| Debtors. | § | Chapter 7 |

### CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH DEPARTMENT OF LABOR PURSUANT TO BANKRUPTCY RULE 9019

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON <u>OCTOBER 14, 2025</u> WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

11634033 v2 (74708.00002.000)

Areya Holder Aurzada, the duly appointed and acting chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case"), files this *Motion for Approval of Settlement Agreement with Department of Labor Pursuant to Bankruptcy Rule 9019* (the "Settlement Motion"),[1] and respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion seeks relief pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On August 30, 2023 (the "Petition Date"), three creditors filed an involuntary petition against DBI Services, LLC (the "Debtor") under Chapter 7 of the Bankruptcy Code. On December 19, 2023, the Court entered an Order for Relief [Dkt. No. 64] against the Debtor under Chapter 7 of the Bankruptcy Code.

5. Areya Holder Aurzada is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

### A.   THE DEPARTMENT OF LABOR CLAIMS

6. On November 14, 2023, the United States Department of Labor (the "Department of Labor") filed proof of Claim No. 8-1 in the Debtor's bankruptcy case seeking payment of

---

[1] All capitalized terms not defined herein shall have the meaning set forth in the Settlement Agreement, as defined below.

11634033 v2 (74708.00002.000)

$4,304,340.87 as a general unsecured claim (the "DOL Claim") for beneficiaries of the DeAngelo Brothers, LLC Welfare Benefit Plan (the "ERISA Plan"). In support of its claim, the Department of Labor alleges that while serving as an ERISA Plan administrator and fiduciary, the Debtor "failed to pay participant medical claims, which were covered under the terms of its [ERISA] Plan."

7.     While the DOL Claim does not assert a right to priority treatment on the official proof of claim form, the *Attachment to Proof of Claim of the U.S. Department of Labor* (the "DOL Claim Supplement") argues that the DOL Claim should be afforded "unsecured priority treatment to the extent permitted in accordance with § 507(a)(5) of the Bankruptcy Code."

8.     In its DOL Claim Supplement, the Department of Labor also reserves its right to assert that any of its DOL Claim amount may represent assets of the ERISA Plan and not assets of the Debtor's bankruptcy estate, and so should be recovered from the estate and contributed to the ERISA Plan.

9.     The Department of Labor further reserved the right to assert a civil penalty against the Debtor pursuant to § 503(l) of ERISA, located at 29 U.S.C. § 1132(l), which would be due and payable by the Debtor's estate to the United States Treasury. The Department of Labor contends that the civil penalty will be assessed in the amount of 20% of the DOL Claim, or approximately $860,868.17, which would increase the DOL Claim to $5,165,209.04.

B.     **THE DEPARTMENT OF LABOR LAWSUIT**

10.     On May 15, 2025, the Department of Labor filed a *Complaint* (the "DOL Suit Complaint") commencing suit (the "DOL Suit") against DeAngelo Contracting Services, LLC ("DCS") as successor to the Debtor and DeAngelo Brothers, LLC, and against DeAngelo Brothers LLC, the Debtor, PNC Bank, N.A. ("PNC"), and the DeAngelo Brothers, LLC Group Benefit Plan, in the United States District Court for the Middle District of Pennsylvania (the "DOL Court"). In its DOL Suit Complaint, the Department of Labor alleges that the Debtor and DeAngelo Brothers, LLC

11634033 v2 (74708.00002.000)

served as ERISA Plan administrators for 1,562 plan participants, and were fiduciaries pursuant to various provisions of ERISA. The ERISA Plan was a self-funded plan and, pursuant to the ERISA Plan's terms with Aetna Life Insurance Company ("Aetna")—the ERISA Plan's third-party claims administrator—the Debtor and DeAngelo Brothers, LLC funded the ERISA Plan by remitting employee and employer contributions.

11.     The DOL Suit Complaint further alleges that the Debtor failed to appropriately contribute to the ERISA Plan and failed to issue payments on behalf of plan participants pursuant to the terms and conditions of the ERISA Plan. According to the Department of Labor, the Debtor and DeAngelo Brothers, LLC, who the Department of Labor contends are jointly and severally liable, failed to remit $379,432.81 due for ERISA Plan funding, and failed to satisfy $4,304,340.87 in claims for benefits under the ERISA Plan.

12.     The Department of Labor contends that the automatic stay does not apply to its federal enforcement powers or the DOL Suit, and that Pennsylvania is an appropriate venue for its suit against the Debtor and others.

13.     The Department of Labor further asserts successor liability claims against DCS, and fiduciary claims against PNC, and seeks to prosecute those claims to the fullest extent allowed by law.

## C.     TRUSTEE AND DEPARTMENT OF LABOR DESIRE TO SETTLE DISPUTES

14.     The Trustee and Department of Labor wish, through a negotiated settlement, to resolve substantially all disputes involving the Debtor, its estate, and the Department of Labor. The Trustee recognizes that the Department of Labor may have valid claims against the Debtor's estate based on the allegations contained in the DOL Suit Complaint, and by facts alleged by the Department of Labor to the Trustee during confidential settlement discussions.

15.     The Department of Labor seeks certainty with regard to its claims against the Debtor's estate, and recognizes that prolonged litigation with the Trustee on behalf of the Debtor's estate may

11634033 v2 (74708.00002.000)

be burdensome and could delay prosecution of its other claims and causes of action.  Similarly, the

Trustee's participation in the DOL Suit would likely be logistically burdensome and expensive for the

Debtor's estate.

16.     After extensive arm's length negotiations over the course of months, the Trustee and

Department of Labor have agreed to resolve all claims and defenses to liability related to the DOL

Suit and DOL Claim as follows:

a. The Trustee, on behalf of the Debtor's estate, will agree to a consent judgment in the DOL Suit in favor of the Department of Labor in the amount of $4,304,340.87 (the "Consent Judgment");

b. The Department of Labor will assess a $860,868.17 penalty against the Debtor, but shall waive that penalty, and such assessment and waiver shall be set forth in the Consent Judgment;

c. The Department of Labor shall have no further recourse against the Debtor's estate or the Trustee with regards to the DOL Suit, and the Department of Labor shall waive and release all other claims and causes of action against the Debtor's estate and Trustee in any way related to the DOL Suit or any purported ERISA violation existing or that may have existed at the time of the entry of the Consent Judgment;

d. The Department of Labor's DOL Claim shall be deemed allowed in the amount of $4,304,340.87 as a general unsecured claim.  The Department of Labor reserves the right to seek a priority unsecured claim in this case up to a maximum amount of $152,535.16, but only if the Trustee consents to the allowance of a priority unsecured claim against the Debtor's estate by the Department of Labor, or if the Department of Labor has an enforceable order from a court of competent jurisdiction finding that the Trustee is in possession of employee contributions to the Debtor's pre-petition ERISA; and

e. The Department of Labor shall have no claim against any funds in the possession of the Trustee on account of this Consent Judgment or from the DOL Suit, other than distributions due to the Department of Labor on account of its allowed general unsecured claim and potential priority unsecured claim in this case.

The Trustee believes that the proposed settlement between the Trustee, on behalf of the Debtor's

estate, and the Department of Labor is incorporated in the Consent Judgment (the "DOL

Settlement") and is in the best interests of all of the Debtor's estate's stakeholders.  A true and correct

copy of the Consent Judgment is attached hereto as **Exhibit A**.

11634033 v2 (74708.00002.000)

**D.     THE PNC STIPULATION AND ADVERSARY PROCEEDING**

17.     The DOL Settlement is in the best interests of the estate because it: (i) reduces or eliminates administrative expenses the Trustee would have to incur on behalf of the Debtor's estate litigating the DOL Suit in Pennsylvania; (ii) provides certainty regarding the DOL Claim and strictly limits the DOL's right to assert a claim for priority treatment, which might otherwise preclude distributions to general unsecured creditors; and (iii) precludes the Department of Labor from seeking *in rem* relief against funds held by the Trustee.  That third benefit is important for the Debtor's estate because, as this Court is well aware, numerous estate creditors are asserting claims purportedly secured by funds held by the Trustee.

18.     On July 17, 2024, PNC Bank, N.A. ("PNC") filed a *Complaint for Declaratory Judgment and in the Nature of Interpleader* [Dkt. #227] (the "Interpleader Complaint") commencing Adv. Proc. No. 24- 03048-sgj related to this Case (the "PNC Litigation").  The PNC Litigation invites claimants with a purported claim against the approximately $16.4 million paid into the estate by PNC (the "Surplus Foreclosure Proceeds") to prove the extent and priority of their respective positions.

19.     The PNC Litigation remains ongoing, and at least six defendants have filed pleadings responsive to the Interpleader Complaint in which they have asserted a purportedly secured claim to the Surplus Foreclosure Proceeds.  As noted above, as part of the proposed settlement the Department of Labor will waive and release all claims against the Surplus Foreclosure Proceeds in the PNC Litigation, and will only be entitled to case distributions on account of its allowed DOL Claim, a general unsecured claim.  The settlement therefore preserves the Surplus Foreclosure Proceeds, which will not be threatened by the DOL Claim.

20.     The Trustee, in consultation with her advisors and after considerable diligence and extensive negotiations with the 2L Secured Parties, determined that, in her reasonable business judgment, the proposed settlement with the Department of Labor is reasonable, is fair and equitable,

11634033 v2 (74708.00002.000)

and is in the best interests of the Debtor's estate and its stakeholders. It will ensure the prompt resolution of case disputes with the Department of Labor, will save the Debtor's estate hundreds of thousands of dollars of fees, costs, and expenses that the Trustee would have to incur litigating the DOL Suit in Pennsylvania, will preserve estate funds for the benefit of other secured creditors, and will strictly limit any potential priority claim that might otherwise jeopardize distributions to general unsecured creditors. No party is prejudiced by the Settlement Agreement.

**ARGUMENTS & AUTHORITIES**

21. Bankruptcy Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Approval of the compromise or settlement is committed to the sound discretion of the bankruptcy courts, and the courts must make an informed and independent analysis to determine whether the proposed settlement is fair and equitable and in the best interests of the debtor's bankruptcy estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, *reh'g denied*, 391 U.S. 909 (1968); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *River City v. Herpel, (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). In determining the appropriateness of a compromise, the U.S. Supreme Court has provided that the following factors are to be considered:

a. the probabilities of ultimate success should the claim be litigated;

b. an educated estimate of (i) the complexity, expense, and likely duration of such litigation, (ii) the possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

c. the comparison of the terms of the compromise with likely rewards of litigation.

*TMT Trailer Ferry*, 390 U.S. at 424-25. Courts have also specified other considerations, such as (i) the best interest of the creditors, with proper deference to their reasonable views; and (ii) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.

11634033 v2 (74708.00002.000)

*Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355-56 (5th Cir. 1997).

22.     In this case, the Trustee challenged the Department of Labor's positions and, through extensive good faith negotiations, has resolved substantially all known issues related to the Department of Labor's claims against the Debtor's estate.  While the allowance of the DOL Claim as a general unsecured claim may dilute general unsecured creditors to a small degree given the huge amount of unsecured claims already asserted against the estate, the Department of Labor's agreement to cap its claim to priority treatment will help facilitate distributions to unsecured creditors.  Litigating with the Department of Labor over its purported right to priority treatment, and in the DOL Suit in Pennsylvania, would be costly, would lead to uncertainties regarding the outcome, and even if the Trustee were successful, would likely yield a worse net outcome for the Debtor's estate than the proposed settlement.

23.     Accordingly, the Trustee asserts that the Settlement Agreement meets the requisite standards for approval under Bankruptcy Rule 9019 and applicable law, and should be approved by the Court.

**PRAYER**

WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting this Settlement Motion and: (a) approving the DOL Settlement; (b) authorizing the Trustee to effectuate the DOL Settlement by entry of the Consent Judgment and any other pleadings or stipulations and orders required in this case and the DOL Suit; and (c) granting the Trustee such other relief as may be just and proper and to which the Trustee is entitled.

11634033 v2 (74708.00002.000)

DATED: September 23, 2025                    Respectfully submitted,


By: /s/ *John J. Kane*
     John J. Kane
     State Bar No. 24066794
     Kyle Woodard
     State Bar No. 24102661
     JaKayla J. DaBera
     State Bar No. 24129114
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

***Special Counsel for Areya
Holder Aurzada, Chapter 7 Trustee
Trustee***

- and -

Michelle E. Shriro
State Bar No. 18310900
**SINGER & LEVICK, P.C.**
16200 Addison Road, Suite 140
Addison, Texas 75001
Phone:  972.380.5533
Fax:  972.380.5748
Email: mshriro@singerlevick.com

***Attorneys for Areya Holder Aurzada,
Chapter 7 Trustee***

11634033 v2 (74708.00002.000)

## CERTIFICATE OF SERVICE

This is to certify that on September 23, 2025, a true and correct copy of the foregoing document was filed with the Court and served via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this bankruptcy case, and by email and mail on the parties listed on the attached **Exhibit B**.

*/s/John J. Kane*
John J. Kane

- 10 -